STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,

v.

Robert S. LOWERY, Respondent.

OBAD No. 979.
SCBD No. 3683.

Supreme Court of Oklahoma.

Oct. 2, 1990.

Dan Murdock, General Counsel, John E. Douglas, Asst. Gen. Counsel, Oklahoma Bar Ass'n, Oklahoma City, for complainant.

Robert S. Lowery, Broken Arrow, pro se.

## MEMORANDUM OPINION BY ORDER

On consideration of:

a) the Oklahoma Bar Association's [OBA's] Complaint,

b) the respondent's Resignation Pending Disciplinary Proceedings and

c) the OBA's Application and Amended Application for Order Approving Resignation Pending Disciplinary Proceedings of Respondent,

THE COURT FINDS AND HOLDS THAT:

1. respondent tendered his resignation as an active Oklahoma legal practitioner:

(a) *after* the OBA filed a formal complaint in this court charging respondent with the following 12 counts of misconduct:

*Count 1*—neglecting client's legal affairs; misrepresenting a court date to client's wife resulting in issuance of a bench warrant for client's arrest; misrepresenting to client the status of correspondence relating to client's legal affairs; failing to respond to client's communication attempts, violating Rules 1.3, 1.4 and 8.4(c) of the Oklahoma Rules of Professional Conduct, 5 O.S.Ch. 1, App. 3–A Supp. [1988].

*Count 2*—failing to answer or respond to OBA's notification of the grievance in Count 1; failing to remain accessible for purpose of communication with the OBA; misrepresenting to an OBA investigator that a response would follow respondent's refund to the complainant; failing to appear at an arranged meeting with a process server; failing to submit a written response and appear at an informal meeting with the OBA; requesting three continuances of the informal meeting and failing to appear each time, violating Rule 5.2, Rules Governing Disciplinary Proceedings, 5 O.S.1981, Ch. 1, App. 1–A [1981];

*Count 3*—failing to file a client's bankruptcy action after accepting a retainer; failing to refund client's money and records upon request; violating Rules 1.3, 1.4 and 1.15 of the Rules of Professional Conduct, 5 O.S.Ch. 1, App. 3–A Supp. [1988];

*Count 4*—failing to answer or respond to notifications of the grievance in Count 3; failing to remain accessible for purpose of communication with the OBA; failing to submit a written response and appear at an OBA-arranged informal meeting; requesting three continuances of the informal meeting and failing to appear each time; violating Rule 5.2, Rules Governing Disciplinary Proceedings, 5 O.S.1981, Ch. 1, App. 1–A [1981];

*Count 5*—agreeing to represent a client and accepting retainer from that client when respondent was suspended from the practice of law for non-payment of dues; failing to represent client in court causing issuance of a bench warrant for client's arrest; failing to remain accessible to client for purpose of communication about legal affairs; violating Rules 1.3 and 1.4 of the

Rules of Professional Conduct, 5 O.S.Ch. 1, App. 3–A;

*Count 7*—failing to appear and represent client in court; misrepresenting to client and client's wife that fines had been paid; failing to remain accessible to the client for purpose of communication about legal affairs; violating Rules 1.3, 1.4, 1.5 and 8.4 of the Rules of Professional Conduct, 5 O.S. ch. 1, App. 3–A Supp. [1988];

*Count 9*—accepting funds to pay client's fines, failing to pay fines, causing an increase in the fines and the issuance of a bench warrant for client's arrest; neglecting client's affairs; violating Rules 1.3, 1.4 and 1.15 of the Rules of Professional Conduct, 5 O.S.Ch. 1, App. 3–A Supp. [1988];

*Count 11*—accepting retainer from client on September 20, 1989,—two days after respondent was suspended from the practice of law for non-compliance with Mandatory Continuing Legal Education requirements; accepting funds from client for payment of client's fines and failing to pay client's fines; accepting a bond receipt from client and failing to redeem client's bond; advising client that he need not appear in court, causing a bench warrant to be issued for client; failing to return money to client; failing to account for client's money; failing to remain accessible to client for purpose of communication about legal affairs; failing to inform client that respondent was suspended from the practice of law, violating Rules 1.3, 1.4, 1.5, 8.4, Rules of Professional Conduct, 5 O.S.Ch. 1, App. 3–A Supp. [1988];

*Counts 6, 8, 10 and 12*—failing to answer or respond to the OBA's notifications of grievances referred to in Counts 5, 7, 9 and 11 above, respectively; agreeing to appear at the Oklahoma Bar Center and submit a written response to the grievances; failing to appear at the Bar Center; agreeing to participate in an informal meeting, continuing the meeting three times and failing to appear each time, violating Rule 5.2 of 5 O.S.Ch. 1, App. 1–A (1981);

*and*

(b) while a formal complaint has been filed against respondent in this case, three additional grievances are presently pending in the office of the OBA's general counsel alleging that respondent:

(b–1) neglected client's legal affairs in a real estate matter for which he had been retained (DC 90–1); failed to remain accessible to the client for the purpose of communication about legal affairs; failed to return client's documents; failed to answer or respond to the OBA's notification of a grievance;

(b–2) received $435 in trust from client for payment of client's fines (DC 90–2); failed to place funds in trust account; issued a check drawn three times on respondent's account, each time for unsuccessful payment of client's fines; failed to answer or respond to OBA's notification of a grievance;

(b–3) failed to represent a client on charges for which respondent had been retained (DC 90–3); failed to remain accessible to client, causing client to appear alone in court; advised client to repeat action already once completed in order to reduce charges (because documentation entrusted to respondent was lost); failed to pay client's fines for which respondent had received funds, causing issuance of bench warrant for client's arrest; failed to answer or respond to OBA's notification of a grievance;

2. respondent submitted an affidavit (a) voluntarily resigning as an active Oklahoma legal practitioner, (b) attesting that he was not subjected to coercion or duress, (c) attesting that he was aware that he remains ineligible for any reinstatement quest prior to the expiration of five years from the date this court would approve his resignation;

3. respondent, Robert S. Lowery, as his name appears on the OBA's official roster, maintains an address at 100 W. Inglewood, Broken Arrow, Oklahoma 74012;

4. respondent's Resignation Pending Disciplinary Proceedings complies with all requirements set forth in Rule 8.1, Rules Governing Disciplinary Proceedings, 5 O.S. 1981, Ch. 1, App. 1–A;

5. respondent's resignation, tendered to this court during the pendency of discipli-

nary complaints against him, is approved and his name withdrawn from the roll of active Oklahoma legal practitioners;

6. approval of respondent's resignation by this order is conditioned upon payment of costs in the amount of $217.00 and that respondent's eligibility for reinstatement to the Bar becomes effective five years from his resignation's approval date.

/s/ Rudolph Hargrave
CHIEF JUSTICE

All Justices concur.